IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| HARRELL CONTRACTING GROUP, LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NUMBER: |
| NATURAL STONE MARKETING, LLC, | ) ) | 3:10CV482DPJ-FKB |
| Defendant. | ) ) ) ) | |

## ORDER

This matter is before the Court upon the motion of Plaintiff Harrell Contracting Group, LLC ("Harrell") for default judgment against Defendant Natural Stone Marketing, LLC ("Natural Stone"). The Court, having considered that Natural Stone has failed to appear in this matter and offer any defense to Harrell's motion and Petition for an Order Confirming Arbitration Award, finds that the motion and Petition are confessed by Natural Stone, and makes the following findings:

**I.     FINDINGS OF FACT**

**Defendant Natural Stone Marketing, LLC's Default**

1.     Harrell filed its Petition for Confirmation of Arbitration Award on August 30, 2010, and served the same on Natural Stone on February 24, 2011. The Petition is attached as Exhibit "A" and the Summons is attached as Exhibit "B".

2.     Pursuant to Federal Rule of Civil Procedure 12(a), Natural Stone's responsive pleading to the Petition was due by March 17, 2011; however, Natural Stone failed to appear,

plead, or otherwise defend against the claims in the Petition within twenty-one days of being personally served with process.

3. On April 13, 2011, the Clerk of Court filed an Entry of Default. The Clerk's Entry of Default is attached as Exhibit "C".

4. To date, Natural Stone has not appeared or responded to the Petition or the entry of default.

5. On October 27, 2011, Harrell moved for default judgment against Natural Stone. The Motion for Default Judgment is attached as Exhibit "D". Because Harrell seeks a sum certain awarded by the Arbitrator and Natural Stone has not personally appeared, a hearing is not necessary pursuant to Federal Rule of Civil Procedure 55(b)(2).

## The Underlying Dispute

6. The dispute underlying this Petition arises out of the Villa Di Mare condominium project in Fort Walton Beach, Florida (the "Project").

7. Harrell subcontracted Natural Stone to perform granite countertop work. The subcontract included a binding arbitration provision. The subcontract is attached as Exhibit "E".

8. Soon after Natural Stone began working on the Project, a dispute arose between Harrell and Natural Stone as to Natural Stone's work performance. One dispute lead to another, which led to another, with Natural Stone ultimately abandoning the project on or about September 18, 2006.

9. On November 8, 2006, Harrell filed a Demand for Arbitration under the Construction Industry Arbitration Rules, asserting its rights to arbitration under § 19 of the Subcontract and claiming that it had been damaged as a result of Natural Stone's acts and omissions.

10. Pursuant to the mutual agreement of the Parties, a single arbitrator, Thomas W. Prewitt, Esquire, was selected to hear the arbitration. The Notice of Appointment and Notice of

Compensation Arrangements, and December 12, 2007 Letter confirming the appointment of Thomas W. Prewitt as arbitrator are attached collectively as Exhibit "F".

11. On August 6, 2009, the Parties conducted a full hearing before Arbitrator Prewitt in Jackson, Mississippi, pursuant to the terms of the Subcontract.

12. The Parties thoroughly litigated their asserted claims before Arbitrator Prewitt in accordance with the AAA's Construction Industry Arbitration Rules and Mediation Procedures.

13. All parties were well-represented by counsel throughout the arbitration proceedings. Both sides submitted pre-hearing position papers; during the hearing, both sides made opening statements and put on proof in support of their claims; and both side submitted post-hearing briefs.

14. On August 31, 2009, Arbitrator Prewitt submitted his Award of Arbitrator, in which he denied Natural Stone's counterclaim and awarded to Harrell the sum of $104,334.19, $4,988.70 in fees and expenses, eight percent interest compounded per annum from October 1, 2009, until Natural Stone pays the award amount over to Harrell. The Award of Arbitrator is attached as Exhibit "G". Based upon the evidence adduced in the briefings of the Parties as well as the testimony presented at the hearing, Arbitrator Prewitt provided findings of fact and law in support of his conclusion. In sum, Arbitrator Prewitt explained that Natural Stone had no basis of recovery, and that Harrell was entitle to recover for damages resulting from Natural Stone's abandonment of the Project.

15. The proscribed time period for contesting the confirmation of the award has expired, *see* MISS. CODE ANN. § 11-15-133 (Rev. 1981), and Harrell is entitled to a judgment confirming the arbitration award.

II. **CONCLUSIONS OF LAW**

16. Based upon the foregoing Findings of Fact, the Court concludes, as a matter of law, that Plaintiff Harrell Contracting Group, LLC is entitled to the entry of judgment by default

against Defendant Natural Stone Marketing, LLC, confirming the August 31, 2009, arbitration award in the amount of $104,334.19 in damages, $4,988.70 in fees and expenses, eight percent interest compounded per annum from October 1, 2009, until the date of the final judgment, and post-judgment interest compounded per annum at a rate of eight percent until the judgment is satisfied.

**SO ORDERED AND ADJUDGED** this the 7th day of March, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

**Submitted by:**

Clarence Webster, III (MBN 102111)
Bradley Arant Boult Cummings LLP
Suite 400, One Jackson Place
188 East Capitol Street
Post Office Box 1789
Jackson, Mississippi  39215-1789
Phone:  (601) 948-8000
Facsimile:  (601) 948-3000

4/245339.1